IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BERENESH BERHANE, et al.** | * | |
| Plaintiffs | * | |
| v. | * | Civil No. **PJM 13-1713** |
| **ALLSTATE INSURANCE COMPANY, et al.** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

This suit arises out of a car accident involving Plaintiff Berenesh Berhane and Damun Walling. Based on diversity jurisdiction, the case was removed from the Circuit Court for Prince George's County, Maryland by Defendant Nissan North America, Inc. ("NNA") after Berenesh and Alemseged Berhane ("Plaintiffs") dismissed non-diverse Defendants Damun and George Walling. The remaining counts in this suit are for breach of contract (Count III) against Allstate Insurance Company ("Allstate") and product liability (Count IV) against NNA. NNA has filed a Motion for Summary Judgment (Paper No. 22) with respect to Count IV, Berenesh Berhane's claim against it.[1]

For the reasons that follow, the Motion is **GRANTED**.

**I.**

On November 11, 2009, in Prince George's County, Maryland, Damun Walling purportedly backed his GMC truck into Plaintiffs' Nissan Pathfinder automobile, injuring Berenesh Berhane. According to the Complaint, Alemseged Berhane was not involved in the accident. Plaintiffs' negligence and loss of consortium claims against Damun and George Walling, the driver and owner of the GMC, respectively, were voluntarily dismissed in the

---

[1] The single Count against NNA for Product Liability is brought by Berenesh Berhane only.

1

Circuit Court after Plaintiffs reached a settlement with the Wallings. As for Allstate, Plaintiffs alleged breach of contract based on the carrier's purported failure to pay underinsured motorist benefits included in Plaintiffs' insurance contract with it. Berenesh Berhane also brought a product liability claim against NNA, alleging that the Nissan Pathfinder vehicle was negligently designed and manufactured, and that those defects contributed to her injuries.

On February 25, 2013, Berenesh Berhane signed a release as part of her settlement with the Wallings' insurer ("Berhane-Wallings Release"). The Release provides, in relevant part:

> For the Sole Consideration of Fifty thousand . . . dollars the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Damian & George Walling their heirs, executors, administrators, agents and assigns, and *all other persons, firms or corporations liable or, who might be claimed to be liable*, none of whom admit any liability to the undersigned but all expressly deny any liability, *from any and all claims, demands, damages, actions, cause of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to the person and property*, which have resulted or may in the future develop from an accident which occurred on or about November 11, 2009, at or near Forrest Blvd & RT 704, Mitchellville, MD.
>
> ***
>
> Undersigned hereby declares that the terms of this settlement *have been completely read and are fully understood and voluntarily accepted* for the purpose of making a full and final compromise adjustment and settlement and any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

*See* Berhane-Wallings Release (emphasis added). In her deposition, Berenesh Berhane admitted to signing the Release. Based on the release, NNA asks that the claim against it be dismissed as a matter of law.

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one where the evidence is such that "a reasonable jury could

2

return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). A material fact is one "that might affect the outcome of the suit under governing law." *Erwin v. United States*, 591 F.3d 313, 320 (4th Cir. 2010) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When assessing a motion for summary judgment, the court views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in his or her favor. *Dulaney*, 673 F.3d at 330. A nonmoving party may not, however, defeat summary judgment by making assertions lacking sufficient factual support or by relying on a mere "scintilla of evidence." *Am. Arms Int'l v. Herbert*, 563 F.3d 78, 82 (4th Cir. 2009). A party opposing a properly supported motion for summary judgment bears the burden of establishing a genuine issue of material fact on each essential element of its case. *Anderson*, 477 U.S. at 248-49; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing summary judgment "'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003).

**III.**

NNA contends that summary judgment in its favor is appropriate because the Berhane-Wallings Release not only releases the Wallings from liability, but also releases NNA as a matter of law.

Plaintiffs have filed an incomplete Opposition to the Motion for Summary Judgment, arguing that although Berenesh Berhane signed the Release at issue, she did not intend to release anyone but the Wallings. Plaintiffs further contend that NNA committed "litigation by ambush" by consenting to the Plaintiffs' settlement with the Wallings, then moving for summary judgment in this case. In their Opposition, Plaintiffs' counsel, Maurice Burstein, indicated that he would

3

file a further response at a later unspecified date. A few weeks later, Mr. Burstein filed a cursory pleading with the Court, stating that he would be further delayed due to knee surgery, again for an unspecified amount of time. Despite the Court granting Mr. Burstein an additional 30 days to file a response, or to arrange for alternate representation for Plaintiffs, no response of any kind was filed with the Court by the extended deadline.

Defendant Allstate, as it happens, filed an untimely Response in Opposition to the Motion for Summary Judgment, arguing that there was "at least a question of fact as to whether NNA consented to the settlement with the underlying tortfeasor, with the intent to allow dismissal of those parties and the continuation of the subject litigation." *See* Opposition of Defendant Allstate Insurance Company to Motion for Summary Judgment of Defendant Nissan North America, Inc. 1, ECF No. 46.

Both Plaintiffs' and Allstate's arguments are unpersuasive. Neither has established a genuine issue of material fact for trial. The Court agrees with NNA that the Berhane-Wallings Release serves to release Berenesh Berhane's claim against it.

A.

Under Maryland law, a general release of one tortfeasor which releases "all other persons" acts to release all joint tortfeasors, whether or not such a tortfeasor was a party to the release or was specifically mentioned in the release. *Pemrock, Inc. v. Essco Co., Inc.*, 249 A.2d 711, 717 (Md. 1969); *see also Cupidon v. Alexis*, 643 A.2d 385, 388 (Md. 1994); *Peters v. Butler,* 251 A.2d 600, 602 (Md. 1969); *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 911 (D. Md. 2009); *Sinelli v. Ford Motor Co.*, 810 F. Supp. 668, 671 (D. Md. 1993) *aff'd*, 7 F.3d 226 (4th Cir. 1993); *White v. General Motors Corp.*, 541 F. Supp. 190, 194-95 (D. Md. 1982); *Stefan v. Chrysler Corp.*, 472 F. Supp. 262, 263 (D. Md.1979), *aff'd*, 622 F.2d 587 (4th Cir. 1980); *c.f.*

*Buckley v. Brethren Mut. Ins. Co.*, 53 A.3d 456, 466 (Md. Ct. Spec. App. 2012) ("although we recognize that, in a tort action in Maryland, a release of 'all other persons, firms or corporations' generally serves to release other parties from liability arising out of the tort . . . this general rule only applies in the absence of constitutional, statutory or clear important policy barriers."), *cert. granted*, 59 A.3d 506 (Md. 2013).

*Pemrock* and the cases that followed it are factually indistinguishable from the case at hand. In particular, *Sinelli*, *White*, *and Stefan* involved products liability claims brought against automobile manufacturers as the result of a motor vehicle accident. In all three cases, the plaintiffs had entered into general release agreements with the at-fault drivers involved in the collision. In all three cases, the court granted defendant manufacturers' motions for summary judgment on the ground that the claims alleged were discharged by the release. *See Sinelli*, 810 F. Supp. at 671-72; *White*, 541 F. Supp. at 190; *Stefan*, 472 F. Supp. at 263.

The Berhane-Wallings document releases, among others, all other firms or corporations that may be liable. Accordingly, Berenesh Berhane is barred as a matter of law from proceeding against NNA. *See Jacobs*, 596 F. Supp. 2d at 911 ("Under Maryland law, a general release—a release aimed at "all mankind"—bars all future claims against all other entities associated with the events that gave rise to a particular lawsuit.") (*citing Peters*, 251 A.2d at 603 and *Pemrock*, 249 A.2d at 711-17). It is of no avail for Berenesh Berhane to say she did not intend this.

B.

Plaintiffs' and Allstate's only arguments are based on the unspoken intent of the parties. NNA contends, and the Court agrees, that parol evidence of contrary intent, even spoken intent, is not properly considered.[2]

---

[2] Even if the Court were to consider parol evidence, the mere allegations that Berenesh Berhane intended to release the Wallings only, or that NNA consented to Plaintiffs' settlement with the Wallings for the purpose of either

Under Maryland law, releases are subject to conventional rules of construction. *Owens-Illinois, Inc. v. Cook*, 872 A.2d 969, 985 (Md. 2005); *Bernstein v. Kapneck*, 430 A.2d 602, 606-07 (Md. 1981). It is well settled that "[a] release is to be construed according to the intent of the parties and the object and purpose of the instrument, and that intent will control and limit its operation." *Owens-Illinois*, 872 A.2d at 985. Still, "where a contract is plain and unambiguous, there is no room for construction, and it must be presumed that the parties meant what they expressed." *Bernstein*, 430 A.2d at 606-07. Maryland law "does not permit contracts to be reformed or otherwise ignored merely because of uncommunicated mental reservations entertained by one of the parties at the time it was executed. And as a matter of substantive law, parol[] evidence ordinarily is inadmissible to vary, alter or contradict a contract, including a release, that is complete and unambiguous, in the absence of fraud, accident or mutual mistake." *Id.* The Court has not found any suggestion of fraud, accident, or mutual mistake that would prompt it to consider parol evidence. The Release itself states that its terms "have been completely read and are fully understood and voluntarily accepted" by Berenesh Berhane.

Cases after *Pemrock* have addressed the relevance of the parties' intent to release other tortfeasors when signing a general release with one tortfeasor. These prior cases dealt with releases nearly identical to the Berhane-Wallings Release. *See, e.g.*, *Sinelli*, 810 F. Supp. at 670 (plaintiff signed release of "any and all other persons, firms and corporations"). Where, as here, the language of the release is unambiguous, the Court will not consider parol evidence of the parties' intent. *See, e.g.*, *Sinelli*, 810 F. Supp. at 671-72 ("The Sinelli-Redd release unambiguously discharged Ford from liability . . . . This Court therefore will not consider parol[] evidence of any contrary intent.").

---

continued litigation or in order to litigate "by ambush," would be insufficient to raise a genuine issue of material fact. The Oppositions fail to set forth specific facts to support any of these allegations. As for NNA's part in the settlement, the record establishes only that NNA agreed not to seek contribution from the Wallings.

The Berhane-Wallings Release released and discharged "all other persons, firms or corporations liable or, who might be claimed to be liable . . . from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever." This unambiguously releases and discharges NNA from liability to Berenesh Berhane.

C.

Plaintiffs argue that only Berenesh Berhane signed the Release (and not Alemseged), suggesting that this somehow defeats NNA's Motion for Summary Judgment. It does not. The claim against NNA was brought only by Berenesh Berhane for product liability. Alemseged Berhane has no claim against NNA in this litigation. Accordingly, the fact that he did not sign the Berhane-Wallings Release is irrelevant.

IV.

For the foregoing reasons, the Court **GRANTS** Defendant Nissan North America, Inc.'s Motion for Summary Judgment (Paper No. 22) for Berenesh Berhane's claim against it.

A separate Order will **ISSUE**.

/s/\
**PETER J. MESSITTE\
UNITED STATES DISTRICT JUDGE**

**November 6, 2013**